UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DION CANTRELL THOMPSON (#M-18222), | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 09 C 6854 |
| v. | ) | |
| | ) | Hon. Ronald A. Guzmán |
| SHERIFF THOMAS DART, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, the Sheriff of the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety. More specifically, the plaintiff alleges that after he witnessed an inmate attack on a staff nurse and spoke to investigators about the incident, the defendant failed to take appropriate steps to protect the plaintiff from reprisal by fellow detainees. This matter is before the court for ruling on the defendant's motion for summary judgment. For the reasons stated in this order, the motion is granted.

Summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Univers. Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter.

The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986)).

However, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010) (quoting *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008)).

**FACTS**

The defendant filed a statement of uncontested material facts pursuant to Local Rule 56.1(a). The defendant also served on the plaintiff the mandatory notice under Local Rule 56.2, explaining the requirements of the Local Rules and warning the plaintiff that his failure to respond with appropriate evidentiary support would result in the court accepting the defendant's statements of fact as true. (*See* Notice to Pro Se Litigant Opposing Summary Judgment.) The notice specifically provides:

> Your response must comply with Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1 of this court. These rules are available at any law library. Your Rule 56.1 statement needs to have numbered paragraphs responding to each paragraph in the defendant's statement of facts. If you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant. You also need to explain how the documents or declarations that you are submitting

> support your version of the facts. If you think that some of the facts offered by the defendant are immaterial or irrelevant, you need to explain why you believe that those facts should not be considered.
>
> In your response, you must also describe and include copies of documents which show why you disagree with the defendant about the facts of the case. . . . If you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge will be required to assume that the defendant's factual contentions are true, and, if the defendant is also correct about the law, your case will be dismissed.

*Id.*; *see Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) (stating that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted); LR56.1(b)(3)(c) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing.").

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *see Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 809 (7th Cir. 2005) ("We have . . . repeatedly held that a district court is entitled to expect strict compliance with [Local] Rule 56.1."); *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process).

Although *pro se* plaintiffs are entitled to lenient standards, a plaintiff's *pro se* status does not absolve him from complying with these procedural rules. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *Koszola v. Bd. of Educ. of the City of Chi.*, 385 F.3d 1104, 1108 (7th Cir. 2004); *Greer v. Bd. of Ed. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")

Notwithstanding the defendant's admonition, the plaintiff has not responded to the statement of uncontested facts; to the contrary, he largely concedes the factual propositions set forth by the defendant. The plaintiff's failure to controvert the facts provided by the defendant results in those facts being deemed admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The court therefore finds that the following undisputed facts:

The plaintiff, currently a state prisoner, was an inmate at the Cook County Jail at the time he initiated this lawsuit. (Am. Compl. at 2.) The defendant, Tom Dart, is the Sheriff of Cook County. (*Id.*)

On September 21, 2009, the plaintiff went to his division's dispensary to receive his seizure medication. (Def.'s Ex. A, Thompson Dep. at 13.) At least forty-five inmates were in the waiting room with the plaintiff. (*Id.* at 14.) While the plaintiff was there, another inmate (Terry Brown), stabbed a nurse with a sharp metal object. (*Id.* at 17-18.) The plaintiff ran into the hallway to report to the attack to an officer stationed there. (*Id.* at 17, 19-20.)

Brown did not attack the plaintiff. (*Id*. at 25.) The plaintiff was not injured in any way during the incident. (*Id.* at 56.)

Prior to the attack, Brown had never threatened or attacked the plaintiff. (*Id.* at 25.) The plaintiff knew Brown from "see[ing] him around" the jail throughout his incarceration up to that date. (*Id.* at 23-24.)

Within several days of the attack, the plaintiff requested placement in protective custody, but his request was denied because, he was told, "there was no room." (*Id.* at 59.) However, he was transferred to another tier. (*Id.* at 60.)

The plaintiff claims to have filed a grievance regarding the stabbing incident on or about September 24, 2009. (*Id.*) The plaintiff reported in his grievance that he feared for his life after witnessing the assault. (*Id.* at 62.) The plaintiff maintains that he never received a response to his grievance; therefore, he never appealed. (*Id.* at 61.) The Cook County Department of Corrections has no record of any such grievance. (Def.'s Ex. D, Mueller Aff. ¶¶ 6-8.)

In the ensuing days, an investigation into the assault was launched, and Cook County sheriff's deputies and an assistant state's attorney interviewed the plaintiff. (Def.'s Ex. A, Thompson Dep. at 28-29.)

About a month or two after the stabbing, Brown threatened to kill the plaintiff as he walked past him. (*Id.* at 25-26.) The threat was made out of earshot of any correctional officers. (*Id.* at 27.) The plaintiff "brushed it off" because he "knew it wasn't going to happen." (*Id.* at 25.) Despite the threat, Brown did not attack the plaintiff, and the plaintiff never saw Brown again after that day. (*Id.* at 27.)

The plaintiff nevertheless believes that Brown, a gang leader, ordered fellow members of the Gangster Disciples Nation to "beat up" the plaintiff. (*Id.* at 33-34.) In the fall of 2010, an unidentified internal officer purportedly warned the plaintiff that he had received information indicating that Gangster Disciple gang members wanted the plaintiff "hurt." (*Id.* at 34-35.) Although the officer did not mention Brown's name, the plaintiff assumed that Brown was behind any "hit" because the plaintiff had spoken to investigators about the stabbing incident. (*Id.* at 35.) The plaintiff declined placement in protective custody at that time. (*Id.* at 36.)

Shortly thereafter, another inmate, Shawn Brame, threatened the plaintiff. (*Id.* at 37.) Brame called the plaintiff a "stool pigeon" for having talked to investigators a year earlier. (*Id.* at 38-39.)

Brame, a Gangster Disciple, told the plaintiff that he was going to "get rolled on" if he did not relocate to another housing tier. (*Id.* at 39.) The plaintiff did not, himself, report the threat to authorities; however, his cellmate did tell correctional officers that the plaintiff's life was in danger. (*Id.* at 39-40.)

Some time in the fall of 2010, the plaintiff was attacked in his cell by Brame and two other detainees. (*Id.* at 43-44.) The other inmates punched the plaintiff in the face, pushed him to the ground, and kicked and "stomped" on him. (*Id.*) Following the attack, the plaintiff requested, and was granted, placement in protective custody. (*Id.* at 58.)

On another, unspecified date, the plaintiff happened to overhear an unnamed correctional officer remark to someone that Brown was eventually going to get the opportunity to attack or kill the plaintiff. (*Id.* at 50-51.) The plaintiff did not report the overheard conversation to anyone. (*Id.* at 51.)

On around December 11, 2010, a Latin Disciple and a Gangster Disciple attacked the plaintiff as he was moving from one tier in the protective custody unit to another. (*Id.* at 52-53.) Officers immediately pulled the other inmates away from the plaintiff, took them to the ground, and handcuffed them. (*Id.* at 53-54.) Again, the plaintiff assumed that Brown was behind the attack because both assailants were Disciples. (*Id.* at 54.) The plaintiff suffered a swollen jaw from being punched. (*Id.*)

The plaintiff estimates that he reported to the correctional staff at least four times that he feared for his safety. (*Id.* at 62.) The plaintiff never spoke to Sheriff Dart about any problems he was experiencing at the jail. (*Id.* at 49.) The plaintiff reported no further threats or attacks after the fall of 2010.

At some point during the pendency of this lawsuit, the plaintiff was transferred from the jail to the custody of the Illinois Department of Corrections.[1] (*See* http://www.idoc.state.il.us/subsections/search/inms.asp.)

**DISCUSSION**

No material facts are in dispute, and the defendant has established that he is entitled to judgment as a matter of law. Even viewing the record in the light most favorable to the plaintiff, no reasonable person could conclude that the named defendant acted with deliberate indifference to the plaintiff's safety.

**I. EXHAUSTION**

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

---

[1] The exact date is unknown, as the plaintiff never filed a change-of-address notice. The Prisoner Correspondent ascertained the plaintiff's new address after mail from the court was returned undelivered.

An inmate must comply with the rules established by the State or, in this case, county, with respect to the form and timeliness of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (stating that prisoner who failed to avail himself of the administrative grievance process in a timely manner was barred from pursuing relief in federal court). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001). Inmates at the Cook County Jail receive a handbook describing basic programs and procedures. *See* John Howard Association's Court Monitoring Report, filed on May 12, 2000, in *Duran v. Sheahan*, 74 C 2949 (N.D. Ill.) (reflecting that the Cook County Jail has an established and publicized grievance procedure).

Plaintiff has provided inconsistent information concerning his alleged pursuit of grievance procedures. In his amended complaint, the plaintiff states that he filed a grievance and appealed the matter. However, at his deposition, the plaintiff declared that he never received a response to his grievance and therefore never filed an appeal. The defendant, in turn, has submitted an affidavit from a program services administrator attesting that there is no record of the plaintiff ever having filed any grievances between September 21, 2009 and October 7, 2009, or at any other time, concerning either the plaintiff's safety or the stabbing attack in September 2009. (Def.'s Ex. D, Mueller Aff. ¶¶ 6-8.)

If the defendant's account is correct, then dismissal is required; the court lacks discretion to resolve the plaintiff's claims on their merits. *See, e.g., Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) (citations omitted); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). If, on the other hand, correctional officials failed to respond to the plaintiff's grievance,

then administrative remedies were rendered "unavailable" and the plaintiff was excused from pursuing them further. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Moreover, in ruling on a motion for summary judgment, the court cannot weigh the parties' affidavits or make credibility determinations. *See, e.g., Paz v. Wauconda Healthcare & Rehab. Centre, LLC*, 464 F.3d 659, 664 (7th Cir. 2006); *McCarthy v. Zaruba*, No. 05 C 4321, 2007 WL 1455840, at *5 (N.D. Ill. May 14, 2007). Accordingly, the court accepts plaintiff's assertions of exhaustion and concludes that no *Pavey* hearing. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

## II. PERSONAL INVOLVEMENT OF THE ONLY NAMED DEFENDANT

The plaintiff has failed to demonstrate that a triable issue exists as to whether the only named defendant, Sheriff Dart, exposed the plaintiff to a substantial risk of serious harm. To the contrary, the plaintiff all but confesses the motion as to Dart.

The Constitution "imposes upon prison officials the duty to take reasonable measures to guarantee the safety of the inmates." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations omitted)). The obligation to protect encompasses a duty "to protect prisoners from violence at the hands of other prisoners." *Id.* at 909. To establish a Fourteenth Amendment claim that correctional officials acted with deliberate indifference to his safety, the plaintiff must show that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-official acted with "deliberate

indifference" to that risk. *Id.* These are questions for a jury, unless no reasonable juror could conclude that the defendant recognized a substantial risk to the plaintiff. *See, e.g., Abney v. Monahan*, 458 F. Supp. 2d 614, 620 (N.D. Ill. 2006) (citing *Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004)).

Under the circumstances of this case, the plaintiff has no triable cause of action against defendant Dart. The plaintiff has alleged no facts suggesting Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff shown that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

In his brief opposing summary judgment, the plaintiff specifically "agrees that defendant Dart has no knowledge of the assault, but it happened in his building (Cook County Department of Corrections) that he owns." (Pl.'s Resp. Def.'s Mot. Summ. J. at 2.) He additionally argues that Dart "is responsible for day-to-day operations in the Cook County Department of Corrections." (*Id.* at 1.) However, the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (citing *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quotation omitted). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Because the plaintiff has failed to make a triable showing that Dart was personally involved in the alleged circumstances giving rise to the complaint–in fact, he has conceded just the opposite–Dart is entitled to judgment as a matter of law.

### III. "SECOND DEFENDANT"

While acknowledging that Dart had no direct, personal involvement, the plaintiff notes that the State's Attorney "never mentioned my second defendant, 'Superintendent Janus-Div. 10.' " (Pl.'s Resp. at 1.) However, Janus is not a party to this lawsuit. The plaintiff appears to misapprehend the posture of this case.

In his amended complaint, the plaintiff named Sheriff Tom Dart as the only defendant. (*See* Am. Compl.) Because the Superintendent of Division 10 was dropped from both the caption and the parties section of that pleading, the court expressly terminated the superintendent as a defendant pursuant to Fed. R. Civ. P. 15(a). (*See* Minute Entry of Dec. 3, 2009.) Afterwards, on more than one occasion, the court specifically invited the plaintiff to file a second amended complaint–in

accordance with basic filing requirements–if he wished to name additional defendants. (*See* Minute Entries of Apr. 29, 2010, June 29, 2010 & Nov. 15, 2010.) Despite being granted multiple opportunities to do so, the plaintiff never submitted a properly filed amended pleading naming any other defendant besides Dart. Therefore, the only defendant in this case is Dart.

**IV. AMENDMENT TO NAME NEW DEFENDANTS**

The court is not disposed to permit the plaintiff to amend now, at this late stage of the proceedings. This suit has already been pending for over a year and a half; furthermore, defense counsel has already deposed the plaintiff and prepared a motion for summary judgment. It would be unduly prejudicial to the defense to let the plaintiff effectively begin anew at this date.

Futility of amendment also weighs against allowing the plaintiff to amend. The court discerns no basis for liability on the part of prison officials arising from either alleged assault.

Regarding the Brame attack in the fall of 2010, correctional officials were not on notice that the plaintiff was in any danger. The plaintiff admitted in his deposition that after Brame allegedly threatened him, the plaintiff did not ask for help. Because the plaintiff did not express any concerns for his safety, the defendants cannot be said to have acted with deliberate indifference to a substantial risk of known harm.

Although the plaintiff's cellmate expressed concerns to correctional officers, it is undisputed that the plaintiff himself did not do so. In *Butera v. Cottey*, an inmate's statements that he was "having problems on the block" and "I needed to be []moved" were held to be insufficient to give notice of a specific threat. 285 F.3d 601, 606 (7th Cir. 2002). An even more dire, but equally generalized, statement that a prisoner "was afraid for his life" was found to be insufficient to alert

correctional officers to a specific threat. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). As the plaintiff himself was not worried enough about Brame to seek assistance, no knowledge can be imputed to the correctional staff. Furthermore, correctional officials responded appropriately after the attack, moving the plaintiff to the protective custody unit in an effort to prevent further harm.

Turning to the attack by two inmates as the plaintiff moved from one cell to another in December 2010, the court can again make out no basis for liability on the part of prison officials for the sudden and opportunistic assault by other detainees not known to be the plaintiff's enemies. The plaintiff was already in protective custody at the time; regrettably, "[p]risoners are dangerous (that's why many are confined in the first place) . . . . Some level of brutality and sexual aggression among them is inevitable no matter what the guards do." *Birch v. Jones*, No. 02 C 2094, 2003 WL 21210107, at *3 (N.D. Ill. May 21, 2003) (quotation omitted). "[A]n unfortunate random act of violence in a prison . . . does not impose liability on prison officials." *Washington v. LaPorte Cnty. Sheriff's Dep't*, 306 F.3d 515, 519 (7th Cir. 2002). "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more . . . . All that can be expected is that guards act responsibly under the circumstances that confront them." *Riccardo*, 375 F.3d at 525.

The officers' swift response to the sudden flare-up further belies any inference of deliberate indifference. The plaintiff himself testified that as soon as the fight erupted, officers pulled the plaintiff's assailants off of him, took them to the ground, and handcuffed them after a few blows were exchanged; the plaintiff suffered only a swollen jaw. The officers' reaction to the attack negates any inference of criminal recklessness or intent. *Compare Guzman v. Sheahan*, 495 F.3d

852, 858-59 (7th Cir. 2007) (finding no deliberate indifference where officer deviated from standard procedure but took steps to stop a prison fight); *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005) (explaining that to prove deliberate indifference, a plaintiff must show "the equivalent of criminal recklessness"); *Washington*, 306 F.3d at 518 (confirming that mere or even gross negligence will not support a finding of deliberate indifference, as it requires officers to have actual knowledge of the risk).

In short, under the facts of this case, no trier of fact could conclude that the defendants were responsible for either alleged attack. The plaintiff's claims amount, at most, to negligence, which is not actionable under 42 U.S.C. § 1983. *Washington*, 306 F.3d at 518.

## **CONCLUSION**

For the foregoing reasons, even viewing the facts in the light most favorable to the plaintiff, the record does not support an inference that the sole named defendant acted with deliberate indifference to a substantial risk of known harm. Because it is undisputed that the plaintiff had no personal interaction with defendant Dart concerning his concerns for his safety, no knowledge can be imputed to Dart. The court, moreover, is not inclined to permit amendment to name other correctional officials at this late date.

If the plaintiff wishes to appeal this final judgment, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Ill. Dep't of Corrs.*, 150 F.3d

810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed a "strike" pursuant to 28 U.S.C. § 1915(g). The plaintiff is warned that, under that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment [#63] is granted in all respects. The Clerk is directed to enter judgment in favor of the defendant pursuant to Federal Rule of Civil Procedure 56. The case is terminated.

Enter:_____

RONALD A. GUZMÁN
United States District Judge

Date: May 24, 2011